UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JIMMY HARRIS,

                                      Plaintiff,

    -against-                                    9:18-CV-1435 (LEK/TWD)

NEW YORK DIVISION OF PAROLE, *et al.*

                                      Defendant.

_____

# DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Jimmy Harris commenced this action by filing a pro se civil rights complaint, an application for leave to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. Dkt. No. 1 ("Complaint"); Dkt. No. 2 ("IFP Application"); Dkt. No. 4 ("Motion for Counsel"). On January 17, 2019, the Court granted Plaintiff's IFP Application, but dismissed the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted. Dkt. No. 5 ("January 2019 Order").[1] However, since Plaintiff is proceeding pro se, the Court let him submit an amended complaint. Id. He submitted one on February 13, 2019. Dkt. No. 6 ("Amended Complaint"). However, the Amended Complaint does not survive review under §§ 1915(e)(2)(B) and 1915A(b). Therefore, it must be dismissed.

## II. DISCUSSION

### A. Legal Standard

Because Plaintiff is a prisoner proceeding IFP against government officers, the Court

---

[1] Based on the Court's decision dismissing the complaint, Plaintiff's Motion for Counsel was denied as moot. Jan. 2019 Order at 6–7.

must review his Amended Complaint to determine whether it states a claim on which relief can be granted. §§ 1915(e)(2)(B) & 1915A(b). The Amended Complaint must allege "enough facts to state a claim for relief that is plausible on its face," meaning the factual allegations must "raise a reasonable expectation that discovery will reveal evidence" that the defendant is liable for the wrongdoing alleged. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007); see also Jan. 2019 Order at 2–3. Although the Court must "draw the most favorable inferences" that a pro se plaintiff's "complaint supports, [it] cannot invent factual allegations that he has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

Plaintiff asserts claims under 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). Plaintiff claims violations of the Fourth and Fourteenth Amendments.

Section 1983 does not impose "vicarious" or "respondeat superior" liability, meaning that a supervisor is not liable for damages for his subordinates' constitutional violations merely because he had authority over the wrongdoers. Iqbal, 556 U.S. at 676. Therefore, to survive a motion to dismiss, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. In the Second Circuit's terminology, the defendant's "personal involvement . . . in [the] alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006).

2

### B. Summary of the Amended Complaint

As in his original complaint, Plaintiff challenges his parole revocation following his arrest on March 10, 2018. Am. Compl. at 2. The Amended Complaint adds allegations regarding his allegedly unlawful detention, as well as allegations regarding a "non-contact" condition of his later release from incarceration. He names the following four individuals as defendants: (1) Albany County Sheriff Craig J. Apple; (2) Parole Officer Staszak; (3) Parole Officer Ketterer; and (4) Parole Officer Sorrentini. Id. at 1–2. The following facts are set forth as alleged by Plaintiff in the Amended Complaint.

On March 10, 2018, while Plaintiff was on parole, he was arrested for third-degree assault and "obstruction of breathing" and taken to Albany County Jail. Id. at 2. On March 23, 2018, the state court, or the state prosecutor, determined that the charges against Plaintiff were based on "false accusations" and dismissed those charges. Id. The next day, Plaintiff's fiancé faxed a court record of the dismissal to Parole Officer Ketterer, who notified Parole Officer Staszak of the dismissal. Id. However, Plaintiff remained in Albany County Jail. Id.

Plaintiff does not state whether he received an initial revocation hearing, but his final revocation hearing was held on April 9, 2018. Id. at 2. Plaintiff asserts that Ketterer and Staszak had "the d[i]scretion . . . to restore [P]laintiff back to parole supervision at the Final Hearing" yet "abused th[eir] authority by [ ]holding [P]laintiff unlawfully for 100 days." Id.

Following the final revocation hearing, Plaintiff filed a motion for habeas corpus in the New York Supreme Court for Albany County challenging his continued detention. Id. at 2. On May 7, 2018, the Honorable Peter Lynch held a hearing to "determin[e] the legality" of

Plaintiff's detention. Am. Compl. at 2. No appearance was made on behalf of the New York State Division of Parole. Id. Plaintiff does not state the outcome of the hearing, but on July 2, 2018, he was released from the Albany County Jail on parole and reassigned to Parole Officer Sorrentini. Am. Compl. at 3. Plaintiff alleges that Sorrentini, acting "in concert with Staszak," "forced" Plaintiff to sign a "non-contact" condition of parole that prohibited him from contacting his then-fiancé. Id.

Liberally construed, the amended complaint asserts the following claims: (1) Fourth Amendment false arrest and malicious prosecution claims against Staszak, Ketterer, and Apple; (2) Fourteenth Amendment due process claims against Staszak, Ketterer, and Apple based on Plaintiff's incarceration from March 23 to July 2, 2018; and (3) Fourteenth Amendment freedom-of-association and due process claims against Sorrentini based on her imposition or enforcement of the no-contact condition of parole.

**C. Analysis**

*1. False Arrest, Malicious Prosecution, and Due Process Claims Against Staszak, Ketterer, and Apple*

A false arrest claim under the Fourth Amendment "is substantially the same as a claim for false arrest under New York law." Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012) (citation omitted). Under New York law, the essential elements of a claim for false arrest are "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Id. (quoting Broughton v. New York, 335 N.E.2d 310, 314 (N.Y. 1975)). "[A]n arrest made with probable cause is privileged.'" Jean-Laurent v. Cornelius, No.

4

15-CV-2217, 2017 WL 933100, at *3 (S.D.N.Y. Mar. 8, 2017) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)). A Fourth Amendment malicious prosecution claim also depends on New York law, under which the plaintiff must show: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010).

Thus, both false arrest and malicious prosecution require a showing that there was no probable cause for the arrest or prosecution. "The burden of establishing the absence of probable cause rests on the plaintiff," Berry v. Marchinkowski, 137 F. Supp. 3d 495, 524 (S.D.N.Y. 2015), unless the arresting officers lacked a warrant, Hoyos v. City of New York, 999 F. Supp. 2d 375, 386 (E.D.N.Y. 2013) (citing Broughton, 335 N.E.2d at 315). "Probable cause is established when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995)). "When a parolee is involved, the lower 'reasonable cause' standard is in place." Alvarado v. City of New York, 482 F. Supp. 2d 332, 337 (S.D.N.Y. 2007).

> A warrant for retaking and temporary detention may issue when there is a reasonable cause to believe that the releasee has lapsed into criminal ways or company, or has violated the conditions of his release in an important respect. Reasonable cause exists when evidence or information which appears reliable discloses facts or circumstances that would convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that a releasee has committed the acts in question or has lapsed into criminal ways or company.

9 N.Y.C.R.R. 8004.2(c).

To establish that prison officials violated the Due Process Clause, Plaintiff must show that they deprived him of a liberty interest without adequate procedural protections. Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004). Continued release on parole is a protected liberty interest. Morrissey v. Brewer, 408 U.S. 471, 482 (1972). Therefore, "[w]here a state provides a system of parole" as New York does, "it may not revoke a person's parole without providing minimum due process protections." Calhoun v. N.Y. State Div. of Parole Officers, 999 F.2d 647, 652 (2d Cir. 1993). "The state must provide a preliminary probable cause hearing . . . as well as a final revocation hearing, at which a parolee may present evidence and confront witnesses." Calhoun, 999 F.2d at 652 (citing Morrissey, 408 U.S. at 487–89). "New York law dictates that final parole revocation hearings generally must be held within 90 days of the probable cause determination or . . . the date on which the parolee waived his right to a preliminary hearing." McAdoo v. Jagiello, No. 9:10-CV-355, 2011 WL 1577236, at *5 (N.D.N.Y. Apr. 26, 2011) (citing N.Y. Exec. L. § 259–i(3)(f)(i)). "A person's constitutional rights are [also] violated if 'an (1) investigating official (2) fabricates evidence (3) that is likely to influence a [fact-finder's] decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result.'" Jean-Laurent, 2017 WL 933100, at *6 (quoting Jovanovic v. City of New York, 486 F. App'x 149, 152 (2d Cir. 2012)). Probable cause is no defense to a claim that a defendant caused a deprivation of liberty by fabricating evidence. Javanovic, 486 F. App'x at 152.

Plaintiff's claims against Ketterer, Staszak, and Apple must be dismissed for several reasons. First, Plaintiff does not allege facts showing that any of the defendants were personally involved in his arrest or parole revocation. He states that Ketterer and Staszak had "discretion" to

6

release him, but does not support that conclusion with any factual allegations. There are no facts indicating what role, if any, Defendants played in Plaintiff's parole revocation. See Bottom v. Pataki, No. 03-CV-835, 2006 WL 2265408, at *9 (N.D.N.Y. Aug. 7, 2006), aff'd, 610 F. App'x 38 (2d Cir. 2015) (dismissing due process claim for lack of personal involvement because "[o]nly the New York State Board of Parole . . . has the statutory authority to determine which prisoners to release on parole" and the official-defendant had "no involvement" in or "control" over the decision) (citing N.Y. Exec. L. § 259-c); see also Felix v. N.Y. State Dep't of Corr. & Cmty. Supervision, No. 16-CV-7978, 2018 WL 3542859, at *9 (S.D.N.Y. July 23, 2018) (dismissing malicious prosecution claim for similar reasons).

In addition, Plaintiff does not allege that the officers who arrested him for violating his parole conditions lacked a warrant or probable cause, as required to state a false arrest claim; the Amended Complaint does not state facts sufficient to conclude that the arresting officers should have known the charges were false when they arrested him. See Bernard, 25 F.3d at 102 ("A finding of probable cause . . . may exist even when it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information."). And Plaintiff does not point to any fabricated evidence or deficiencies in the parole revocation process, as required to support a due process claim. See McAdoo, 2011 WL 1577236, at *5 (dismissing due process claim for failure to allege defects in parole revocation proceedings).

Also, a state prisoner may not bring a claim under § 1983 if judgment in his favor "would necessarily demonstrate the invalidity of [his] confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). Therefore, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

7

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 481, 486–87 (1994). Heck bars challenges to the procedures used to determine that the plaintiff should be incarcerated where the "principal procedural defect complained of . . . would, if established, necessarily imply the invalidity of the deprivation [of liberty]." Edwards v. Balisok, 520 U.S. 641, 646 (1997). "Courts have applied Heck to prevent a state prisoner from bringing a Section 1983 action challenging a parole revocation" on substantive or procedural grounds "unless that revocation decision [was previously] reversed or the underlying conviction [was] set aside." Lee v. Donnaruma, 63 F. App'x. 39, 41 (2d Cir. 2003).

Since success on Plaintiff's malicious prosecution and due process claims require him to prove the invalidity of his parole revocation, Heck bars those claims unless state authorities reversed the revocation. Lee, 63 F. App'x. at 41. A liberal reading of the Amended Complaint—which asserts that Plaintiff was released only weeks after a state judge heard his unopposed motion for a writ of habeas corpus, Am. Compl. at 2—might suggest that the state court granted the motion, overturning the revocation decision. A state court's grant of a habeas petition vacating the revocation judgment would meet Heck's "favorable termination" requirement. Heck, 512 U.S. at 477. If Plaintiff chooses to submit an Amended Complaint, he should clarify whether the state court granted his motion for habeas corpus or otherwise overturned the revocation decision.

*2. Fourteenth Amendment Due Process Claims Against Sorrentini*

The Constitution protects "two distinct types of association: 'intimate association' and 'expressive association.'" Gray-Davis v. Rigby, No. 5:14-CV-1490, 2016 WL 1298131, at *6 (N.D.N.Y. Mar. 31, 2016) (quoting City of Dallas v. Stanglin, 490 U.S. 19, 23–25 (1989)). "Intimate association" encompasses "those relationships that may be classified as familial in nature, as involving 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.'" Gray-Davis, 2016 WL 1298131, at *6 (quoting Roberts v. United States Jaycees, 468 U.S. 609, 620 (1984)). The right to intimate association "guarantees an individual the choice of entering into an intimate relationship free from undue intrusion by the state." Sanitation & Recycling Indus. v. City of New York, 107 F.3d 985, 996 (2d Cir. 1997) (citing Roberts, 468 U.S. at 617–18).

Conditions of release that restrict the right to intimate association must be "reasonably and necessarily related" to the "'legitimate interests of the parole regime,' such as 'rehabilitation' and 'protection of the public,'" and must be "tailored in light of the conduct for which [the individual] was convicted." Trisvan v. Annucci, 284 F. Supp. 3d 288, 297 (E.D.N.Y. 2018) (citing Birzon v. King, 469 F.2d 1241, 1243 (2d Cir. 1972)); see also Doe v. Lima, 270 F. Supp. 3d 684, 702–06 (S.D.N.Y. 2017), aff'd sub nom. Doe v. Cappiello, 758 F. App'x 181, 184 (Jan. 30, 2019) (requiring restriction on parolee's contact with children to be "narrowly tailored to serve a compelling governmental interest" and to a risk defendant posed to his child) (citing United States v. Myers, 426 F.3d 117, 128 (2d Cir. 2005)). In addition, before imposing a parole condition that abridges a protected intimate relationship, the state must afford a parolee notice

9

and an opportunity to be heard. Newman v. Annucci, No. 17-CV-0918, 2018 WL 4554494, at *5 (N.D.N.Y. Sept. 21, 2018).

Plaintiff alleges that after he was released on July 2, 2018, Sorrentini "forced" him to sign a document indicating that he was prohibited from contacting his fiancé as a condition of release. Am. Compl. at 3. However, Plaintiff provides no factual basis to conclude that the no-contact condition was unjustified by the circumstances underlying his revocation or his original offense. See Trisvan, 284 F. Supp. 3d at 297 (dismissing due process challenge to parole condition because plaintiff "fail[ed] to present any factual allegations explaining how or why the release conditions are not reasonably or necessarily related to legitimate state interests in light of the crime and conduct underlying his conviction"); Newman, 2018 WL 4554495, at *6 (same). Nor does he allege facts supporting the conclusion that he was "forced" to sign the condition, or that he was not given an opportunity to be heard regarding the condition. Am. Compl. at 3. Accordingly, Plaintiff's Fourteenth Amendment claims against Sorrentini are also dismissed without prejudice.

## III. FINAL OPPORTUNITY TO AMEND

Because Plaintiff alleges claims against many of the defendants for the first time in his Amended Complaint, the Court will give Plaintiff one final opportunity to amend his complaint. See Gomez v. USAA Fed. Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Any amended complaint filed by Plaintiff must bear his original signature, and must be a complete pleading which will supersede and replace the operative pleading in its entirety. Plaintiff must name one or more

defendants, and must set forth a short and plain statement of the facts he relies on in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated Plaintiff's constitutional rights.

If Plaintiff fails to submit a second amended complaint within thirty days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Clerk shall update the docket to add the following parties as defendants: (1) Albany County Sheriff Craig J. Apple; (2) Parole Officer Staszak; (3) Parole Officer Sorrentini; and (4) Parole Officer Ketterer; and it is further

**ORDERED**, that Plaintiff's claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, he must file a second amended complaint as directed above within thirty days from the filing date of this Decision and Order; and it is further

**ORDERED**, that, if Plaintiff timely files a second amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file a second amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED** without further order of this Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a

claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

Dated:        May 01, 2019
                 Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge